IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DELBERT ROEDER, )
)
    Plaintiff, )
)
v. )
)
NORMANDY APARTMENTS ) Case No. 14-CV-494-JHP-PJC
HOLDINGS, LLC, a domestic limited )
liability company; and )
RMG PROPERTY MANAGEMENT, )
LLC, a foreign liability company, )
)
    Defendants. )

## OPINION & ORDER

Before the Court is Defendants' Motion for Summary Judgment [Doc. No. 28]. After consideration of the briefs, and for the reasons stated below, Defendants' Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

On February 27, 2013, Plaintiff Delbert Roeder ("Plaintiff") was visiting his son, Jeffery Roeder, who lived at the Normandy Apartments owned by Defendant Normandy Apartments Holdings LLC, and managed by Defendant RMG Property Management, LLC. According to the Petition, during this visit Plaintiff "tripped due to a faulty threshold lip and fell violently to the ground." [Doc. No. 2, at ¶ 3]. Plaintiff alleges, "[t]he area of said threshold had been negligently allowed to remain unmarked and unmaintained causing serious injury to the Plaintiff." [*Id.*].

On July 25, 2014, Plaintiff filed a Petition for Damages in Tulsa County District Court against the Defendants, alleging a single count of negligence against each Defendant. [Doc. No.

1

2]. Defendants subsequently removed the action to this Court without objection. On June 5, 2015, Defendants filed a Motion for Summary Judgment, arguing Defendants had no duty to protect Plaintiff from the threshold of the doorway. [Doc. No. 28].

Thereafter, on June 18, 2015, Plaintiff submitted in deposition testimony that the threshold had nothing to do with his injury, but rather a gust of wind blew the exterior door shut behind him, causing him to fall through the doorway. [Doc. 38-1, at 39:18-40:1 (Deposition of Delbert Roeder)]. As a result of this testimony, which differs materially from what Plaintiff pled in the Petition, Plaintiff stated in his Response filed on July 2, 2015: "The Plaintiff is filing a Motion to Amend the Complaint to restate the facts of the case." [Doc. No. 34, at 2]. In the Response, Plaintiff further stated, "[t]here was nothing wrong with the threshold." [*Id.*]. Plaintiff indicated it was Plaintiff's son, not Plaintiff, who attributed the fall to the threshold. [*Id.* at 3.] Defendants filed a Reply on July 17, 2015, urging the Court to grant summary judgment based on the facts pled in the Petition and the Statement of Facts contained in Plaintiff's Response. To date, Plaintiff has not formally sought leave to file an amended Petition.

## DISCUSSION

As a general rule, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* In making this determination, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

Thus, the inquiry for this Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

I. **Plaintiff's Theory of Liability**

   A. **The "Threshold Lip" Is the Only Properly Alleged Theory**

As an initial matter, the Court must determine which theory of liability—the threshold lip or the exterior door—is the proper subject of the motion for summary judgment. Defendants argue Plaintiff's theory he "tripped due to a faulty threshold lip" should govern, because this was the only theory alleged in the Petition. Defendants assert the Petition did not provide them with fair notice of Plaintiff's intent to allege liability based on a door that blew shut, and this lack of fair notice continued well into the litigation. Plaintiff's Joint Status Reports, filed on October 15, 2014, and January 26, 2015, both stated Plaintiff's injury was caused by the "negligent installation of a door threshold." [Doc Nos. 14, 18]. In those same Joint Status Reports, Defendants indicated their intent to file a dispositive motion based on the fact that the threshold constituted an open and obvious condition. [*Id.*]. Adding to the lack of fair notice, Plaintiff declined to amend his pleading by the Court-imposed deadline of March 2, 2015. [Doc. No. 20 (Scheduling Order)].

Federal Rule of Civil Procedure 8(a) requires the complaint contain only a short and plain statement of the claim showing that the pleader is entitled to relief. At the heart of Rule 8's notice pleading regime, however, is fair notice to the opposing party of the claims against it. *FDIC v. Grant*, 8 F. Supp. 2d 1275, 1287 (N.D. Okla. 1997) (citing *Mountain View Pharm. v. Abbot Labs.*, 630 F.2d 1383, 1386 (10th Cir. 1980). Here, the Court finds the Petition failed to provide Defendants with fair notice of his theory of liability based on the exterior door. The

3

Petition relies on a theory based solely on the threshold lip, and Plaintiff gave no hint of the "exterior door" theory until long after the deadline to amend pleadings had passed. Defendants justifiably relied on the "threshold lip" theory in preparing their motion for summary judgment. For these reasons, the Court concludes summary judgment may be determined based on the facts alleged in the Petition and the undisputed facts as stated in Plaintiff's Response brief. To do otherwise would reward Plaintiff's prolonged delay in revealing his true theory of liability and would be unfairly prejudicial to Defendants.

      **B.     Plaintiff May Not Amend the Petition to Assert a Different Theory of Liability**

Moreover, to the extent Plaintiff sought leave to amend his complaint in the Response brief, the Court denies the request. Plaintiff stated in his Response that he "is filing a Motion to Amend the Complaint to restate the facts of this case," in order to allege the exterior door, rather than the threshold, caused his fall. [Doc. No. 34, at 2]. As explanation for this crucial error, the Response indicated Plaintiff proceeded with this case for nearly a year based on the observations of Plaintiff's son, Jeffrey Roeder, who witnessed his father's fall and believed the threshold to be the cause. [*Id.* at 2-3]. Indeed, Jeffrey Roeder testified he "had never really ever discussed the accident" with his father to discover "what really happened" until around May 2015, over two years after the accident. [Doc. No. 38-2, at 13:6-20]. Plaintiff acknowledged his testimony "materially differs from what has been pled in his state court Petition." [Doc. No. 34, at 1].

Nonetheless, over two months after filing the Response and less than one month before trial, Plaintiff has failed to file a formal Motion to Amend.[1] Thus, the Court will treat Plaintiff's

---

[1] The Court also notes Plaintiff failed to respond to Defendants' Motion in Limine, filed on September 1, 2015, which sought to exclude evidence not within the issues raised by Plaintiff in the Petition. [Doc. No. 43].

4

Response as a motion for leave to amend his complaint under Rule 15(a) and deny it.[2] Although leave to amend a pleading is to be "freely given when justice so requires," the Court may deny such leave upon a showing of undue delay by the movant. *Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010). Indeed, "[i]t is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (internal citations omitted). Moreover, a motion to amend is subject to denial "[w]here the party seeking amendment knew or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Id.* at 1366 (citing *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)).

Here, Plaintiff's informal motion to amend is untimely in that it was filed four months after the Court's deadline to amend pleadings. Further, Plaintiff knew or should have known his true theory of liability long before that date and has not offered an adequate explanation for his delay in seeking to amend. Plaintiff has not alleged that any new facts came to light since the accident or that Plaintiff changed his version of events. Rather, it appears Plaintiff's counsel inexcusably relied on the erroneous observations of Plaintiff's son, rather than Plaintiff himself, in filing the Petition. Given the advanced progression of this case, no reasonable explanation could be proffered to explain why Plaintiff could not have amended the Petition within the deadline.

Plaintiff's protracted delay in seeking amendment, without excuse, has placed significant burdens on Defendants and this Court. Plaintiff asserts a completely different theory of

---

[2] The Court engages in a Rule 15(a) analysis in the interest of justice, although it is not required to do so in the absence of a formal motion. *Calderon v. Kansas Dep't of Social and Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("we conclude that a request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it.").

causation at a late stage of this case. Plaintiff's delay resulted in prejudice to Defendants, who answered, prepared, and litigated this case based on Plaintiff's specific and only allegation. For these reasons, Plaintiff's informal motion to amend the Petition is denied.

## II. Plaintiff's Negligence Claim—Faulty Threshold

Plaintiff has not provided any evidence to support his claim as alleged in the Petition. Accordingly, Defendants are entitled to summary judgment on Plaintiff's negligence claim. It is well-settled in Oklahoma that an action for negligence cannot lie when no duty has been neglected or violated. *Buck v. Del City Apts., Inc.*, 431 P.2d 360, 365 (Okla. 1967) (citing cases). In a premises liability case, an owner owes an invitee a duty of exercising reasonable care to disclose the existence of dangerous defects known to the owner, but unlikely to be discovered by the licensee, as well as a duty of exercising reasonable care to keep the premises in reasonably safe condition for the reception of the visitor. *Pickens v. Tulsa Metro. Ministry*, 951 P.2d 1079, 1083-84 (Okla. 1997).

In the Petition, Plaintiff alleges he tripped on the threshold of the doorway leading to his son's apartment. However, Plaintiff asserts in the Statement of Facts section of his Response, "[t]here was nothing wrong with the threshold." [Doc. No. 34, at 2]. Defendants agree with this fact. [Doc. No. 38, at 3]. Further, Plaintiff testified in his deposition that the threshold did not cause his fall. [Doc. No. 38-1, at 55:6-8]. Plaintiff's arguments in the Response pertaining to the broken exterior door are not on point, for the reasons discussed above in Part I. Accordingly, the undisputed facts show Plaintiff was not injured because of a hidden or faulty threshold on the premises of Normandy Apartments. Therefore, Plaintiff's negligence claim based on the faulty threshold fails as a matter of law, and summary judgment is appropriately granted in Defendants' favor.

## CONCLUSION

For the reasons outlined above, the Court concludes that Plaintiff cannot prove his negligence claim as pleaded in the Petition against Defendants. Accordingly, Defendants' Motion for Summary Judgment [Doc. No. 28] is **GRANTED**.

Moreover, because of Plaintiff's undue delay in bringing forth his new theory of liability, and the undue prejudice that would result to Defendants if leave to amend were granted, the Court concludes this case is **DISMISSED WITH PREJUDICE**.

*/s/ James H. Payne*
James H. Payne
United States District Judge
Northern District of Oklahoma